**Duke F. CRANFORD, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 90–1063.**

Court of Appeals of Iowa.

May 29, 1991.

Originally Jerald R. Gregg, Fort Madison, later Linda Del Gallo, State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Layne M. Lindebak, Asst. Atty. Gen., for appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Duke Cranford, serving a prison sentence imposed by the state of Nevada, was transferred to the Iowa State Penitentiary under the Interstate Corrections Compact (Compact), Iowa Code chapter 247. While in the Iowa prison, he was disciplined by prison authorities for a violation of prison rule 23, disobeying a lawful order, of the Iowa disciplinary rules and procedures. Upon a finding of guilt of this rule violation, the applicant was assessed 15 days disciplinary detention and lost 365 days good time and was restricted to a maximum security cell for a period of one year.

Cranford sought postconviction relief to challenge the Iowa prison disciplinary action. The district court denied postconviction relief, and Cranford has appealed. He contends on appeal he should have been disciplined, if at all, only under Nevada prison disciplinary rules rather than Iowa prison disciplinary rules. He argues that both due process and the Compact require Nevada law be applied. We disagree and accordingly affirm.

I.

We turn first to Cranford's argument that the Interstate Compact and the implementing contract between Nevada and Iowa created a fourteenth amendment liberty interest in having Nevada's prison disciplinary rules and regulations applied to him while he is incarcerated in Iowa. The Eighth Circuit recently spoke on this issue in *Stewart v. McManus,* 924 F.2d 138 (8th Cir.1991). In that case Stewart had been

transferred from a Kansas prison to the Iowa State Penitentiary in Fort Madison, Iowa. During his stay in Fort Madison, Stewart compiled a lengthy disciplinary record. In all of the disciplinary proceedings, the correctional authorities applied Iowa rules. Stewart brought the action contending the failure to apply Kansas disciplinary rules to his disciplinary proceedings violated his due process and equal protection rights and violated the Compact.

The Eighth Circuit recognized "[a] liberty interest is created by the presence of mandatory language limiting prison officials discretion." *Id.* at 141 (citations omitted). Stewart contended the Compact created a liberty interest mandating the use of the sending state's disciplinary rules in proceedings involving a transferred criminal. However, the Eighth Circuit determined otherwise and held that Stewart had no fourteenth amendment liberty interest entitling him to the application of Kansas disciplinary rules to his disciplinary proceedings in the Iowa penitentiary. *Id.*

The strength of Stewart's case rested on various provisions of the Compact Act and the implementing contract between Iowa and Kansas. First, Stewart cited to portions of article IV of the Compact which provides a transferred prisoner "remains subject to the jurisdiction of the sending state...." He also pointed to language from the same section which provided the prisoner should not be deprived "of any legal rights which [he] would have had if confined in ... the sending state." *Stewart v. McManus*, 924 F.2d at 141, citing Iowa Code Ann. § 247.2 (West Supp.1990). He also referred to a provision of the implementing contract executed by the two states (Kansas and Iowa) which provided "except where expressly otherwise provided, the laws and administrative regulations and rules of the sending state shall govern in any matter relating to an inmate confined pursuant to this contract and the Interstate Corrections Compact."

The Eighth Circuit declined to read into the Interstate Corrections Compact or the implementing contract a requirement that Kansas rules and regulations be applied to a transferred prisoner. We believe the same result is required in the case at bar.

## II.

Cranford, in essential part, makes the same argument before us. He first cites us to Iowa Code section 247.2 that provides:

> Any hearing or hearings to which an inmate confined pursuant to this Compact may be entitled by the laws of the sending state may be had before appropriate authorities of the sending state, or of the receiving state if authorized by the sending state.... In the event such hearing or hearings are had before officials of the receiving state, the *governing law shall be that of the sending state* and a record of the hearing or hearings as prescribed by the sending state shall be made. (Emphasis added).

In contrast, however, the Compact also provides:

> All inmates who may be confined in an institution pursuant to the provisions of this compact shall be treated in a reasonable and humane manner and *shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution.* (Emphasis added.)

Iowa Code § 247.2.

We conclude that the statute does not mandate that Nevada disciplinary rules be applied to Cranford's disciplinary proceedings. In doing so, we adopt as our own the following reasoning from the *Stewart* case:

> Although the Compact provides that the sending state has a right to conduct hearings in the receiving state and apply its law in situations when the inmate may be entitled to hearings by the law of its state, the Compact and the contract provide that inmates are to be treated equally, and that *disciplinary* authority shall be exercised by the *receiving* state. Moreover, the contract provision prohibiting the receiving state from imposing a *type* of discipline prohibited by the laws of the sending state does not require that Iowa correctional authorities impose Kansas' disciplinary rules to violations of

the Iowa penitentiary's disciplinary rules. We are satisfied that neither the statutory nor contractual provisions mandate that Kansas disciplinary rules and regulations be applied to Stewart's disciplinary proceedings in the Iowa penitentiary. (Emphasis in original.)

*Stewart v. McManus,* 924 F.2d at 141.

It cannot go unnoticed that Cranford is presenting the identical due process argument presented by Stewart and rejected by the Eighth Circuit. That court clearly relied on the section of the compact which requires the inmates to be treated equally with other inmates residing in the receiving state institution. We can find nothing in Cranford's allegations which would differentiate his case from Stewart's. We do not address whether Cranford's reliance on the cited section of 247.2 may not in fact be misplaced, for we find nothing in the record which reveals that as a confined inmate he is "entitled" to a hearing in Nevada for violating an Iowa disciplinary rule. Accordingly, we affirm the decision of the district court.

AFFIRMED.